SIMEON CUMMINGS *versus* JOHN MAXWELL.

By c. 271, § 3, of the statutes of 1856, (R. S. of 1857, c. 46, § 26,) the remedy of a creditor of a corporation against the individual stockholders was by an action of the case, to be commenced within six months after the rendition of judgment against the corporation.

That Act affected remedies only, and was not unconstitutional, as impairing the obligation of contracts.

The remedy which creditors of corporations have against the individual stockholders, for the corporate debts, exists by statute only; and the Legislature may change or restrict it upon pre-existing, as well as upon subsequent contracts.

ACTION OF THE CASE.   The plaintiff recovered judgment against the York and Cumberland Railroad Company for $166,33, March 19, 1855.   He afterwards took out, successively, two writs of execution upon said judgment, both of which were returned in no part satisfied.

He, thereupon, on the 12th day of July, 1856, commenced this action against the defendant, as a stockholder in said company, who pleaded thereto the general issue, and, by brief statement, the statute of limitations.   At the hearing before APPLETON, J., at the October term, 1857, the case was withdrawn from the jury, and submitted on REPORT to the full Court, with the agreement that a *nonsuit* should be entered if the action was barred by the statute of limitations.

Cummings *v.* Maxwell.

*E. L. Cummings* argued for the plaintiff:—

1. It is a well established principle of law, that Courts will refuse to give statutes a *retrospective* operation, unless the intention is so clear and positive as by no possibility to admit of any other construction, the presumption being that all statutes are intended to operate prospectively only, unless the contrary is clearly and positively expressed. *Plumb* v. *Sawyer*, 21 *Conn.* 351; Bac. Ab. Statute, C. 4; Dane's Ab. Statute, c. 196, art. 1, § 19; *Hastings* v. *Lane*, 15 Maine, 134; *Whitman* v. *Hapgood*, 10 Mass. 439; *Oash* v. *Van Kleeck*, 7 Johns. 477; 1 Kent's Com. 455; Sedgwick on Statutory and Constitutional Law, pp. 188–190, 193–197.

2. Courts will not construe a statute of limitations fixing the time within which actions must be brought, to apply to rights of action existing at the date of such statute, unless a reasonable time is allowed in which to commence such actions before the statute takes effect. *Call* v. *Hager*, 8 Mass. 430; *Smith* v. *Morison*, 22 Pick. 430; Angell on Limitations, pp. 18 and 19; *Sturgess* v. *Crowningshield*, 4 Wheat. 207; *Ogden* v. *Saunders*, 12 Wheat. 262; *Proprietors of Kennebec Purchase* v. *Laboree & als.*, 2 Greenl. 88; Sedgwick on Statute and Constitutional Law, p. 134.

3. Statutes which impair the obligation of contracts, or disturb vested rights, are retrospective and void. *Wales* v. *Stetson*, 2 Mass. 146; *Foster & als.* v. *Essex Bank*, 16 Mass. 245, (271.)

4. The facts in the case at bar bring it within that principle. R. S. of 1841, c. 76, § 18; 1 Kent's Com. 455; Sedgwick on Statute and Constitutional Law, p. 135-6, 198 and 412; *Van Hook* v. *Whitlock*, 3 Paige's Chan. Cases, 409.

*J. C. Woodman* argued for the defendant:—

1. By the statute of 1856, c. 271, § 3, it is provided that the action against the stockholder "must be commenced within six months after the date of the rendition of judgment against the corporation." In this case, judgment was rendered against the corporation March 19th, 1855; and the suit

against the defendant was not commenced until July 12th, 1856, more than fifteen months afterwards. It was, therefore, barred by the lapse of time.

2. The statute of 1856 took effect on the 10th day of May; and the limitation of six months in this case did not apply until September 19th, giving the plaintiff ample time to commence his action before the remedy against the stockholders was barred by the statute.

3. The statute of 1856, in its application to suits for collecting pre-existing debts, was not unconstitutional. It simply shortened the time during which the stockholder should be individually liable for the corporate debts. It did not impair the obligation of any contract. No contract existed between the creditor and the stockholder. The contract was between the creditor and the corporation; and this remains in full force. But the remedy against the stockholder did not arise from any contract with him. It was given by, and depended solely upon, provisions of positive law, which are to be construed strictly. *Gray* v. *Coffin*, 9 Cush. 192.

4. The Legislature, therefore, might shorten the time of this liability, or remove it altogether. It was in the nature of a forfeiture, or a penalty; and there could be no vested right in it. The Legislature could repeal the statute creating it, and take away all remedy. And, even after a prosecution has been commenced, it will not be saved, if the statute is repealed, without a saving clause. *State* v. *Boies*, 41 Maine, 345; *Commonwealth* v. *Marshall*, 11 Pick. 350.

The opinion of the Court was drawn up by

HATHAWAY, J.—By R. S. of 1841, c. 76, § § 18, 19, 20, the remedy of the creditor of the corporation was to seize on execution the property of the individual stockholder, or, at his election, to have his action on the case. By statute of 1845, c. 169, the remedy against the individual stockholder is by *scire facias*, "*provided* that this Act shall not apply to any suits or actions now pending." And, by statute of 1856, c. 271, § 3, case is restored and *limited to six months* after

the rendition of judgment against the corporation. This action was not seasonably commenced. *Longley & al.* v. *Little,* 26 Maine, 162.                *Plaintiff nonsuit.*

TENNEY, C. J., MAY, GOODENOW, and DAVIS, J. J., concurred.